IN THE CIRCUIT COURT DIVISION OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
Civil Division

BRITTANY JONES,

    Plaintiff,

v.
                                   Case Number _____

CAPIO PARTNERS, LLC.

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, by and through his undersigned counsel, sues Defendant, and further alleges as follows:

1. Plaintiff is a resident of Hillsborough County, Florida and domiciled therein.

2. Upon information and belief, Defendant is believed to be a Florida corporation doing business throughout the State of Florida, including Hillsborough County, as a debt collector. All material events occurred in Hillsborough County, Florida.

3. The underlying civil action contains an amount above $15,000.00.

4. This court has jurisdiction.

5. This civil action is premised upon violations of Chapter 559 of the Florida Statutes. Plaintiff reserves the right to amend this complaint should the ultimate facts support an additional claim, particularly a claim under 47 U.S.C. 227. Plaintiff demands a trial by jury on all counts so triable.

## GENERAL ALLEGATIONS

6. Plaintiff re-alleges and incorporates paragraphs one through five as if stated fully herein.

7. Plaintiff was alleged by Defendant to have a consumer debt. Defendant did not have a prior business relationship with Plaintiff. Plaintiff did not give Defendant permission to contact Plaintiff's cell phone with an automated dialer.

8. Plaintiff disputed the allegation of indebtedness made by Defendant and Plaintiff advised Defendant to no longer contact Plaintiff, but instead to contact Plaintiff's legal representative regarding the claims of indebtedness on, but not limited to July 23, 2013.

9. Subsequently, Defendant refused Plaintiff's lawful directive as set forth by Plaintiff and continued to contact Plaintiff without regard to Plaintiff's specific instructions, on but not limited to October 11, 2013. In addition, Defendant continued to contact Plaintiff by Plaintiff's cell phone without authorization or express consent.

10. Plaintiff had a lawful right to instruct Defendant to have further direct contact with Plaintiff regarding that debt alleged by Defendant, per Chapter 559 of the Florida Statutes.

11. Fla. Statute Section 559.72, which prohibits debt collectors (such as Defendant in this case) from harassing alleged debtors and which, prevents a debt collector from communicating directly with an alleged debtor if the debt collector knows that the alleged debtor is represented by an attorney.

12. Defendant knew that Plaintiff was represented by an attorney on or within 3 days of July 23, 2013. Notwithstanding the fact that Defendant knew Plaintiff was represented by an attorney, Plaintiff continued to contact on at least October 11, 2013 and argued to

2

Plaintiff that the debt disputed by Plaintiff was indeed valid, at least according to Defendant's principal.

12. Defendant's conduct, including but not limited to Defendant's willful, intentional and malicious refusal to cease harassing Plaintiff and to, further refuse to communicate with Defendant's legal representative constitutes a violation of law, including but not limited to Fla. Statutes, Section 559.72(18).

WHEREFORE, Plaintiff seeks judgment against Defendant for all damages provided for under the law as well as reasonable attorney fees and costs.

/s/ W. John Gadd
W. John Gadd
FL Bar Number 463061
**Bank of America Building**
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel – (727)524-6300
Email – wjg@mazgadd.com